OPINION
On April 28, 2001, Darrell Troyer was charged with using weapons while intoxicated in violation of R.C. 2923.15. Upon Mr. Troyer's arrest, the Uniontown Police Department confiscated the weapons. On May 29, 2001, appellant, Mark E. Nixon, filed a motion to return weapons claiming he was the owner of the confiscated weapons. By judgment entry filed May 30, 2001, the trial court denied said motion.
On June 14, 2001, Mr. Troyer pled no contest to the charge. By judgment entry filed same date, the trial court found Mr. Troyer guilty and sentenced him to one hundred eighty days in jail, suspended in lieu of community service. The trial court ordered the confiscated firearms destroyed.
Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED THAT THE FIREARMS CONFISCATED BY THE UNIONTOWN POLICE DEPARTMENT BE DESTROYED EVEN THOUGH IT DID NOT HOLD A HEARING ON THE TRUE OWNERS MOTION TO HAVE THE WEAPONS RETURNED TO HIM.
 I
Appellant claims the trial court erred in failing to hold a hearing on his request for the return of his confiscated firearms. We agree.
On May 29, 2001, appellant filed a motion to return his personal property, two firearms used by Mr. Troyer to commit the crime of using weapons while intoxicated. Attached to the motion was an affidavit by appellant claiming ownership and disavowing any knowledge of Mr. Troyer's crime. By judgment entry filed May 30, 2001, the trial court denied the motion without hearing.
R.C. 2933.41(C) provides for the seizure or forfeiture of property used in the commission of an offense as follows:
 A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:
 The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property.
Although the statute does not expressly require a hearing, appellant argues a hearing is required pursuant to the Supreme Court of Ohio's decision in State v. Lilliock (1982), 70 Ohio St.3d 23, paragraph three of the syllabus, wherein the court held "[d]ue process requires that proceedings seeking disposition of property used in an unlawful manner, but not in itself unlawful, must comply with the Rules of Civil Procedure." In State v. Turk (March 10, 2000), Lucas App. Nos. L-98-1310 and L-98-1311, unreported, our brethren from the Sixth District found the following:
 However, the decision in Lilliock was superseded when the statute was amended in 1985. It is not necessary to determine whether a hearing is implied under R.C. 2933.41(C) pursuant to Lilliock or whether that statute controls this case. The issue before the trial court was not disposal of property, but return of property. The remedies in R.C. 2933.43 for recovering contraband also provide a statutory remedy to recover property which may not be contraband.
We agree and find R.C. 2933.43(C) as follows controls sub judice:
 If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense or administrative violation, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances or unless the person admits or is adjudicated to have committed the administrative violation or a different violation arising out of the same facts and circumstances; a forfeiture hearing shall be held in a case of that nature no later than forty-five days after the conviction or the admission or adjudication of the violation, unless the time for the hearing is extended by the court for good cause shown. The owner of any property seized because of its relationship to an underlying criminal offense or administrative violation may request the court to release the property to the owner. Upon receipt of a request of that nature, if the court determines that the property is not needed as evidence in the underlying criminal case or administrative proceeding, the court may permit the release of the property to the owner. As a condition precedent to a release of that nature, the court may require the owner to execute a bond with the court. Any bond so required shall have sufficient sureties approved by the court, shall be in a sum equal to the value of the property, as determined by the court, and shall be conditioned upon the return of the property to the court if the property is forfeited under this section.
* * *
 Where possible, a court holding a forfeiture hearing under this section shall follow the Rules of Civil Procedure. When a hearing is conducted under this section, property shall be forfeited upon a showing, by a preponderance of the evidence, by the petitioner that the person from which the property was seized was in violation of division (A) of section 2933.42 of the Revised Code. If that showing is made, the court shall issue an order of forfeiture. If an order of forfeiture is issued in relation to contraband that was released to the owner or the owner's agent pursuant to this division or division (B)(1) of this section, the order shall require the owner to deliver the property, by a specified date, to the law enforcement agency that employed the law enforcement officer who made the seizure of the property, and the court shall deliver a copy of the order to the owner or send a copy of it by certified mail, return receipt requested, to the owner at the address to which notice of the seizure was given under division (A)(2) of this section. Except as otherwise provided in this division, all rights, interest, and title to the forfeited contraband vests in the state, effective from the date of seizure.
 No property shall be forfeited pursuant to this division if the owner of the property establishes, by a preponderance of the evidence, that the owner neither knew, nor should have known after a reasonable inquiry, that the property was used, or was likely to be used, in a crime or administrative violation.
Based upon the above authority, we conclude the trial court erred in not holding a hearing pursuant to R.C. 2933.43(C).
The sole assignment of error is granted.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is reversed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. and Hon. John W. Wise, J. concur.